IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN DA WAYNE WILLIS**, | Case No. 3:20-cv-493-AC |
| Plaintiffs, | **ORDER** |
| v. | |
| **WASHINGTON COUNTY SHERIFFS OFFICE** and **STATE OF OREGON**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on April 16, 2010. ECF 10. Judge Acosta recommended that Plaintiff's complaint be dismissed *sua sponte*, with leave to amend.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The Court has reviewed the Findings and Recommendation and agrees that the Plaintiff's Complaint should be dismissed *sua sponte*. As explained by Judge Acosta, although the Eighth Amendment guarantees hygiene products for indigent inmates, *see Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998), Plaintiff fails clearly to allege his indigent status and the circumstances under which he attempted, without success, to obtain hygiene supplies. It appears, although it is not specifically alleged, that Plaintiff is asserting that when his jail account was frozen, he was the equivalent of indigent because he could no longer access funds to purchase hygiene supplies. His factual allegations are further deficient because they do not explain when his account was frozen, whether he obtained or had hygiene supplies available before his account was frozen, and the circumstances under which he attempted, but was unable, to get hygiene supplies from Defendants after his account was frozen.

Regarding Plaintiff's allegations relating to his ability to send and receive mail, "[p]risoners retain a First Amendment right to send and receive mail, subject to reasonable regulation." *Price v. Link*, 2020 WL 2193459, at *2 (E.D. Cal. May 6, 2020) (citing *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995)). Plaintiff's allegations are vague and conclusory on the issue of Defendants' purported interference with Plaintiff's mail. Plaintiff does not clearly allege for what period he was denied the ability to send and receive mail, whether he was denied the ability to send and receive all mail or certain types of mail, or other detailed allegations that would support his First Amendment claim.

The Court ADOPTS Magistrate Judge Acosta's Findings and Recommendation, ECF 10, as supplemented herein. Plaintiff's Complaint is DISMISSED. The claims against the State of Oregon are dismissed with prejudice and the claims against the Washington County Sheriff's Office are dismissed without prejudice. If Plaintiff can cure the deficiencies identified in the Findings and Recommendation and this Order, Plaintiff may file an Amended Complaint within 30 days of the date of this Order.

**IT IS SO ORDERED.**

DATED this 12th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge